IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| HENRY JAMES WIMBERLY, JR., <br><br> Plaintiff <br><br> VS. <br><br> SHERIFF SPROUL, *et al.*, <br><br> Defendants | NO. 1:09-CV-172 (WLS) <br><br><br> PROCEEDINGS UNDER 42 U.S.C. §1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

# ORDER AND RECOMMENDATION

Before the court is an action filed by plaintiff Henry James Wimberly, Jr. alleging numerous medically related constitutional violations. Tab #2. Upon an initial review of this action, but before granting the plaintiff's concurrently filed motion seeking leave to proceed *in forma pauperis* (Tab #1), the undersigned directed the plaintiff to file a supplement to his complaint (Tab #7). In the order to supplement, and in view of the fact that the plaintiff had exceeded the "three strikes" allowed by the Prison Litigation Reform Act, plaintiff Wimberly was directed to provide specific information in order to allow the undersigned to determine, *inter alia*, whether or not the instant action fell within the "imminent danger of serious physical injury" exception to the "three strikes" rule mentioned above. In particular, the plaintiff was asked to (1) Identify every medical condition from which he allegedly suffers; (2) Explain how each condition put him in "imminent danger of serious physical injury"; (3) Describe the medical treatment that has been rendered for each condition; and, (4)Describe the treatment that should have been provided for each condition. In addition, the plaintiff was directed to identify and explain how each defendant is involved in his claims.

In his response, which came in the form of a motion seeking to supplement and clarify, the plaintiff listed numerous medical conditions and alleged that many of these conditions constituted imminent danger. Tab #7. The supplement also contained a limited explanation of the treatments he had received as well as those he believes are needed. Finally, the plaintiff stated that the Dougherty County Jail, Sheriff Sproul, and Dan Haggerty are his intended defendants.

Upon receipt and review of the plaintiff's supplement, the undersigned determined that the plaintiff's claims sufficiently alleged imminent danger of serious physical injury. For this reason, plaintiff's request to proceed *in forma pauperis* was granted, and service ordered upon the only eligible §1983 defendants, SHERIFF SPROUL and DAN HAGGERTY. Tab #8.

Thereafter, plaintiff filed a motion seeking leave to add DR. LINDA WALDEN and PRISON HEALTH SERVICES as defendants in this action. Tab #10. In support of this request, he set forth several allegations of medical deliberate indifference on the part of these defendants. While it is entirely unclear that plaintiff's claims against these defendants will be successful, the undersigned will nevertheless allow the case to proceed against these defendants at this time. Accordingly, the plaintiff's motion seeking to add these defendants is **GRANTED**.

As previously noted, plaintiff Wimberly's court-ordered supplement came in the form of a motion. In accordance with the above, this motion is **GRANTED**. Also pending is a motion wherein plaintiff lists and demands monetary relief totaling millions of dollars. Tab #5. Given the fact that the plaintiff's supplement contains demands for relief as against the remaining defendants, this motion is **DENIED**.

In addition, and in the process of considering the plaintiff's motion seeking to add defendants, the undersigned was prompted to review plaintiff's earlier pleadings in this case. During this review, it became apparent that the plaintiff's claims against defendants Sproul and Haggerty are based solely upon the plaintiff's allegations of negligence and the theory of *respondeat superior*. Because liability in claims brought pursuant to 42 U.S.C. §1983 cannot be established on the basis of negligence or supervisory liability, it has become clear that the undersigned's earlier decision to allow this case to proceed against defendants Sproul and Haggerty was not appropriate. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, **IT IS RECOMMENDED** that defendants Sproul and Haggerty now be **DISMISSED** from this action.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

In light of the foregoing, **IT IS ORDERED AND DIRECTED** that service be made as provided by law upon defendants **DR. WALDEN** and **PRISON HEALTH SERVICES**; and, that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915 and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### ☞   DUTY TO PROSECUTE ACTION

Plaintiff is once again advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including</u> <u>letters</u> <u>to</u> <u>the</u> <u>Clerk</u> <u>or</u> <u>to</u> <u>a</u> <u>judge</u>) upon opposing parties or counsel for opposing parties if they are represented;  and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**DISCOVERY**

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S).  THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that  discovery  (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 12th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

**NOTICE TO ALL PARTIES**

**PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).**

**PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT. NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.**

**DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.**