## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| **HENRY JAMES WIMBERLY, JR.** | |
| **PLAINTIFF,** | |
| **V.** | **CIVIL ACTION FILE NO.:** |
| | **1:09-cv-00172-WLS-TQL** |
| **STATE OF GEORGIA, DOUGHERTY COUNTY JAIL, LT. DEAN F. GORE, LT. ERIC MILLER, SHERIFF SPROUL, PRISON HEALTH SERVICES INC., MAJOR DAN HAGGERTY, DR. LINDA WALDEN, PRISON HEALTH SERVICES** | |
| **DEFENDANTS.** | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DR. LINDA WALDEN AND PRISON HEALTH SERVICES, INC.

**COME NOW** Dr. Linda Walden and Prison Health Services, Inc., Defendants in the above referenced case, and file this, their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

## SECOND DEFENSE

These Defendants deny that they have violated any rights protected by the United States Constitution or any portion of the United States Code.

## THIRD DEFENSE

Under Federal Rule of Civil Procedure 12, the Complaint fails to state a claim upon which relief can be granted against these Defendants.

## FOURTH DEFENSE

These Defendants deny that Plaintiff has suffered any cognizable injuries or damage as a result of any acts or omissions on the part of these Defendants.

## FIFTH DEFENSE

These Defendants aver that any injury, damage, or loss alleged by the Plaintiff was the result of pre-existing medical conditions or incidents that occurred prior to or subsequent to any act or conduct of these Defendants.

## SIXTH DEFENSE

These Defendants aver that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e).

## SEVENTH DEFENSE

These Defendants are entitled to the defenses of qualified and/or sovereign immunity and it is clear from the face of the Complaint that Plaintiff has not

alleged specific facts indicating that these Defendants have violated any clearly established constitutional right.

## EIGHTH DEFENSE

These Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories for any alleged violations of Plaintiff's constitutional rights.

## NINTH DEFENSE

Even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence at best, which is not recognized as a deprivation of the Plaintiff's constitutional rights.

## TENTH DEFENSE

These Defendants aver that, at all times in treating Plaintiff, Dr. Walden exercised the same degree of care, skill and diligence as other physicians would have exercised under similar circumstances.  At no time did these Defendants act toward the Plaintiff with deliberate indifference to a serious medical need.

## ELEVENTH DEFENSE

These Defendants plead the affirmative defense of contributory negligence.

TWELTH DEFENSE

These Defendants plead the affirmative defense that Plaintiff has failed to mitigate his own damages.

THIRTEENTH DEFENSE

These Defendants state that to the extent Plaintiff has attempted to allege a medical negligence claim, Plaintiff has failed to attach an expert affidavit as required by O.C.G.A. § 9-11-9.1.

FOURTHEENTH DEFENSE

Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e).

FIFTEENTH DEFENSE

The alleged negligence asserted against these Defendants is not actionable, since they acted in good faith and with due regard to the prevailing professional standard of care in the treatment of Plaintiff.

SIXTEENTH DEFENSE

These Defendants reserve the right to amend the affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

## SEVENTEENTH DEFENSE

These Defendants are entitled to sovereign immunity in their official capacity and official and sovereign immunity in their individual capacities.

## EIGHTEENTH DEFENSE

To the extent these Defendants have been sued in their individual capacities, these Defendants state that all actions in respect to Plaintiff were carried out in good faith and with reasonable belief such actions were lawful and constitutional.

## NINTEENTH DEFENSE

No acts by these Defendants were taken willfully, maliciously, recklessly or wantonly and to the extent Plaintiff seeks punitive damages, such claim is barred.

## TWENTITH DEFENSE

These Defendants did not breach any duty owed Plaintiff.

## TWENTY-FIRST DEFENSE

No act or omission by these Defendants proximately caused Plaintiff injury.

## TWENTY-SECOND DEFENSE

These Defendants respond to the specific allegations contained in Plaintiff's Complaint as follows:

1.

These Defendants admit that Plaintiff states his name is Henry James Wimberly.

2.

These Defendants admit that Plaintiff is currently incarcerated at Dougherty County Jail.  All remaining allegations contained in Paragraph 2 are denied.

3.

These Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 3; therefore, the allegations are denied.

4.

These Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 4; therefore, the allegations are denied.

5.

These Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, the allegations are denied.

6.

These Defendants admit that Plaintiff is currently incarcerated at Dougherty County Jail.  These Defendants do not have sufficient information to admit or deny

the remaining allegations contained in Paragraph 6; therefore, the allegations are denied.

### 7.

These Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 7; therefore, the allegations are denied.

### 8.

These Defendants do not have sufficient information to admit or deny the allegations contained in Paragraph 8; therefore, the allegations are denied.

### 9.

These Defendants admit that Prison Health Services, Inc., provides healthcare personnel to Dougherty County Jail.  These Defendants do not have sufficient information to admit or deny the remaining allegations contained in Paragraph 9; therefore, the allegations are denied.

### 10.

These Defendants admit that Plaintiff has received treatment for several medical issues since being incarcerated at Dougherty County Jail, including elevated blood pressure.  These Defendants deny that Plaintiff has received inappropriate treatment for his prostate, kidneys, lower back pain, heart, high blood pressure, or liver.  Defendants deny that Plaintiff is suffering cancer in his prostate,

kidneys or liver.  These Defendants deny that Plaintiff is suffering untreated heart disease.  Defendants deny that they have committed medical negligence or been deliberately indifferent to any of Plaintiff's serious medical needs. Defendants deny that they have refused Plaintiff treatment due to costs.  Defendants deny ignoring Plaintiff's medical complaints.  Defendants deny that Plaintiff is receiving inadequate treatment for his high blood pressure.  All remaining allegations in Paragraph 10 are denied.

11.

These Defendants deny that Prison Health Services, Inc. is the insurance provider for Dougherty County Jail.  These Defendants admit that Dr. Walden treated Plaintiff while he was incarcerated at the Dougherty County, but she does not currently provide treatment to Plaintiff.  Defendants do not have sufficient information to admit or deny the remaining allegations contained in Paragraph 11; therefore, they are denied.

12.

These Defendants deny that Plaintiff can receive the relief he seeks in Paragraph 12.

13.

No response is required to Paragraph 13.

14.

No response is required to Paragraph 14.

15.

These Defendants deny any allegation to which they have not specifically responded above.

## DEMAND FOR JURY TRIAL

These Defendants demand a trial by jury of all issues so triable in this cause.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed; that Plaintiff take nothing by way of this action; and these Defendants be granted all relief to which they are entitled.

These 3rd day of May, 2010.

NALL & MILLER, LLP

By:   /s/ Alexia R. Roney
**DEBORRAH S. HELLER**
Georgia Bar No. 693350
**ALEXIA R. RONEY**
Georgia Bar No. 581777

*Attorneys for Dr. Linda Walden and Prison Health Services, Inc.*

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303
Phone:  404-522-2200
Facsimile:  404-522-2208

E-Mail:  dheller@nallmiller.com
aroney@nallmiller.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| **HENRY JAMES WIMBERLY, JR.** | |
| **PLAINTIFF,** | |
| **V.** | **CIVIL ACTION FILE NO.:** |
| | **1:09-cv-00172-WLS-TQL** |
| **STATE OF GEORGIA, DOUGHERTY COUNTY JAIL, LT. DEAN F. GORE, LT. ERIC MILLER, SHERIFF SPROUL, PRISON HEALTH SERVICES INC., MAJOR DAN HAGGERTY, DR. LINDA WALDEN, PRISON HEALTH SERVICES** | |
| **DEFENDANTS.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of  May, 2010, I electronically filed *Answer and Affirmative Defenses of Dr. Linda Walden and Prison Health Services, Inc.* with the Clerk of Court using the CM/ECF system.  Non-CM/ECF system parties will be notified via United States Postal Service as follows:

Henry James Wimberly
30703 Cell D213
Dougherty County Jail
P. O. Box 549
Albany, GA  31702

**NALL & MILLER, LLP**

**By:**   */s/ Alexia R. Roney*
**DEBORRAH S. HELLER**
Georgia Bar No. 693350
**ALEXIA R. RONEY**
Georgia Bar No. 581777
*Attorneys for Dr. Linda Walden and*
*Prison Health Services, Inc.*

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303
Phone:  404-522-2200
Facsimile:  404-522-2208
E-Mail:  dheller@nallmiller.com
aroney@nallmiller.com