# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

HENRY JAMES WIMBERLY, JR., :
:
    Plaintiff, :
:
    VS. :
:     1 : 09-CV-172 (CDL)
DR. LINDA WALDEN and :
PRISON HEALTH SERVICES, :
:
    Defendants. :
:

## ORDER AND RECOMMENDATION

The Plaintiff filed this action on November 18, 2009, raising a multitude of claims pursuant to 42 U.S.C. § 1983. (Doc. 2). Plaintiff was ordered to file a supplemental complaint regarding his medical conditions and treatment by order dated December 22, 2009. (Doc. 6). On February 12, 2010, the Court issued an Order and Recommendation, directing that certain claims would be allowed to proceed and recommending the dismissal of various claims and defendants. (Doc. 13). This Order and Recommendation was adopted by United States District Judge Clay D. Land on May 5, 2010. (Doc. 46). By virtue of this Order, claims of medical deliberate indifference were allowed to proceed against Defendants Dr. Linda Walden and Prison Health Services. Presently pending herein are various motions filed by the Plaintiff.

*Motions without a proper certificate of service*

Several motions filed by the Plaintiff are not accompanied by a proper certificate of service indicating service of the motions on the Defendants or defense counsel. The initial service order of the Court requires each party to serve copies of all motions, pleadings, discovery and correspondence upon opposing parties or counsel for opposing parties if they are represented, and to attach to said original motions and pleadings filed with the Clerk a certificate of service indicating who has been served, as well as where, when and how service was accomplished. (Doc. 13). The following motions filed by the Plaintiff are accompanied by

certificates of service, but such certificates indicate a complete lack of service of the motions upon either the Defendants or their counsel: Motion for an Emergency Order (Doc. 19); Motion to Change Venue (Doc. 20); Motion to Change Venue (Doc. 25); Motion to Amend (Doc. 28); Motion for Objection (Doc. 49); and Motion for Appointment of Counsel (Doc. 56). In light of the Plaintiff's failure to properly serve either the Defendants or their counsel with these motions, said motions are hereby **DENIED** without prejudice to the Plaintiff's right to refile these motions with proper service and certificates of service attesting thereto.

*Motions seeking injunctive relief*

The Plaintiff has filed several motions seeking injunctive relief, in the form of an order for Plaintiff to see a variety of medical specialists (Doc. 22), an order for an ultrasound (Doc. 29), an order granting the Plaintiff access to the law library (Doc. 39), and an order for Plaintiff to undergo dialysis (Doc. 45).

In order to obtain injunctive relief, the Plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motions reveals an inadequate basis for the issuance of injunctive orders. Plaintiff's motions seek orders for specific action by Dougherty County Jail officials, although the Plaintiff is no longer in the custody of the Dougherty County Jail. *See* Doc. 53. Moreover, the Plaintiff has not established that he is entitled to injunctive relief in regard to any of his requests, i.e., that there is a substantial likelihood of success on the merits or

resulting irreparable harm, or that no other relief is available to address his alleged injuries. Accordingly, it is the recommendation of the undersigned that Plaintiff's motions for injunctive relief be **DENIED**.

*Motion to appoint counsel*

Plaintiff has petitioned this court to appoint legal counsel to represent him in this proceeding. (Doc. 30). Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff. The court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** at this time.

*Miscellaneous motions*

The following motions present no issues for the Court's consideration or resolution and are hereby **DENIED** as moot: Motion to Protest Against Waiver of Summons (Doc. 31); Motion for master to view all orders and rulings (Doc. 34); Motion for Election Form (Doc. 36); Motion for Objection to Defendants' Answer (Doc. 48); and Motion to Enter Change of

Address and Medical Update (Doc. 50).  The information and concerns presented by the Plaintiff in these "motions" are noted by the Court, but to the extent that these pleadings appear as pending motions, same are hereby **DENIED**.

Plaintiff also seeks to "preserve [his] right to add Supervisor Peggy Chester and her Leading Nurse Irma Wilburn as added Defendants".  (Doc. 33).  This motion is **DENIED**.  If the Plaintiff wishes to amend his complaint to add these persons as defendants, he must do so by filing a Motion to Amend, setting out the specific acts comprising the alleged liability of these individuals.  Plaintiff's Motion for Trial by Jury is noted but **DENIED** at this time as premature. (Doc. 35).  When and if it is appropriate to set this matter for trial, the district judge to whom this matter is assigned will issue such a determination.

*Motion for Summary Judgment*

Plaintiff has also filed a Motion for Summary Judgment, asserting that he is entitled to the entry of judgment and listing the damages he seeks against each Defendant.  (Doc. 23). Inasmuch as this motion is completely unsupported and was filed prior to the filing of an Answer on behalf of the Defendants, it is the recommendation of the undersigned that this Motion for Summary Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these recommendations.

**SO ORDERED AND RECOMMENDED**, this 15th day of November, 2010.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb