**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

HENRY JAMES WIMBERLY, JR.,    :
                                 :
        Plaintiff,             :
                                 :
VS.                           :
                                 :    **1 : 09-CV-172 (CDL)**
DR.  LINDA WALDEN, and       :
PRISON HEALTH SERVICES,    :
                                 :
        Defendants.         :
_____:

## ORDER AND RECOMMENDATION

The Plaintiff filed this action on November 18, 2009, raising a multitude of claims pursuant to 42 U.S.C. § 1983.  (Doc.  2).  Plaintiff was ordered to file a supplemental Complaint regarding his medical conditions and treatment by Order dated December 22, 2009.  (Doc.  6). On February 12, 2010, the Court issued an Order and Recommendation, directing that certain claims proceed and recommending the dismissal of various claims and defendants.  (Doc.  13). This Order and Recommendation was adopted by United States District Judge Clay D.  Land on May 5, 2010.  (Doc.  46).  By virtue of this Order, claims of medical deliberate indifference were allowed to proceed against Defendants Dr.  Linda Walden and Prison Health Services.

Presently pending herein is a Motion for Summary Judgment filed on behalf of the Defendants Dr.  Linda Walden and Prison Health Services (Doc. 59), as well as motions to amend, to appoint counsel and for reconsideration filed by the Plaintiff (Docs. 81, 87, 88, 89).

***Motion for Summary Judgment***

Defendants Walden and Prison Health Services filed their Motion for Summary Judgment on September 1, 2010.  (Doc.  59).  On September 10, 2010 and again on October 22, 2010, the Court issued Notifications to Plaintiff regarding the filing of this Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order.  (Docs.  63, 64).  The undersigned issued a

Recommendation on Defendants' Motion for Summary Judgment on April 26, 2011, noting that the Plaintiff had not responded to the Defendants' motion.  (Doc. 79).  Plaintiff filed objections to this Recommendation and a Motion for Reconsideration, asserting that he had never received either the Defendants' Motion for Summary Judgment or the Court's Notification Order.  (Doc. 82).  In light of the Plaintiff's assertions, the undersigned granted Plaintiff's Motion for Reconsideration and partially vacated the April 26, 2011 Recommendation,  providing the Plaintiff additional notice of and an opportunity to respond to Defendants' summary judgment motion.  (Doc. 84).  Plaintiff filed a response to Defendants' Motion for Summary Judgment, to which the Defendants have filed a reply, on June 3, 2011.  (Docs. 90, 92).

In their Motion for Summary Judgment, Defendants assert in part that Plaintiff has failed to fully exhaust his administrative remedies in regard to his underlying claims of deliberate indifference, as required by the Prison Litigation Reform Act ("PLRA"). (Doc.  59).  In asserting that they are entitled to the entry of summary judgment, Defendants rely on the affidavits of Dr. Linda Walden and Lt. Jeffrey Lance Montgerard, the Jail Administrative Supervisor of the Dougherty County Jail during the time period in question, and the jail medical records of the Plaintiff.  *Id.*

Although Defendants Walden and Prison Health Services raise the issue of exhaustion of administrative remedies in their Motion for Summary Judgment, the Eleventh Circuit has made it clear that the issue of exhaustion is to be treated and resolved as a motion to dismiss.  "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits]", a defense of failure to exhaust should be treated as a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008); *see also Cox v. Grayer*, 2010 WL 1286837 (N.D.Ga. Mar. 29, 2010) (granting the motion for summary judgment on the grounds of failure to exhaust and dismissing the plaintiff's complaint without prejudice).

2

*Exhaustion*

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).  In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal.  *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).  "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper.  Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process.  First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v.  Burnside*, 541 F.3d 1077, 1082 (11th Cir.  2008).

In his response to Defendants' contention that his claims are unexhausted, the Plaintiff

asserts that he fully exhausted the claims underlying this lawsuit, that Lt. Montgerard falsified his testimony and the grievance evidence, and that officials at the Dougherty County Jail told Plaintiff they would handle his complaints and to stop filing grievances.  (Doc. 90).  Plaintiff admits that he continued to file grievances and complaints despite the officials' statements.  *Id.* at pp. 6, 16, 21. None of the Plaintiff's statements in response to Defendants' motion are sworn.  (Docs. 89, 90, 96). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis.  In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

By means of the affidavit testimony of Lt. Jeffrey Lance Montgerard, the Jail Administrative Supervisor for the Dougherty County Jail at the time of the Plaintiff's incarceration, Defendants show that the Dougherty County Jail had in place a  grievance process at the time of the events underlying this lawsuit.  (Doc. 59, Montgerard Aff.).  Pursuant to the Dougherty County Sheriff's Office Standard Operating Policy and Procedure, chapter 9.31, the assigned pod officer will first make every reasonable attempt to resolve any grievance.  (Doc. 59, Montgerard Aff., Exh. A).  If the pod officer is unsuccessful in resolving the grievance and the inmate wishes to pursue the issue, the inmate must complete a grievance form, which is delivered to and answered by the Grievance Officer.  If the inmate is not satisfied with the Grievance Officer's response and wants to appeal the grievance, this desire to appeal is noted on the grievance form and the grievance appeal is sent to the Jail Director.  The Jail Director reviews the grievance and the Jail Director's response is considered the final determination of the grievance.  (Doc. 59, Montgerard Aff. at ¶¶ 4, 5).  An inmate's desire to appeal the decision of the Grievance Officer would be specifically noted on the grievance form and the form would be forwarded to the Jail Director.  *Id.* at ¶ 5.

According to the testimony of Lt. Montgerard, Plaintiff filed two grievances while confined at the Dougherty County Jail during the time period in question.  *Id.*  at ¶ 7.  On November 15, 2009, the Plaintiff filed a grievance regarding treatment of his medical conditions.  (Doc. 59,

Montgerard Aff., Exh. B).  Lt.  Montgerard responded to this grievance on November 17, 2009, stating that "[y]ou are being seen by and treated by PHS staff members.  Your medical needs are being addressed.  No further action is required.  The matter is closed."  *Id.*  The Plaintiff signed the grievance form, acknowledging the receipt of Lt.  Montgerard's response, on November 23, 2009, and did not indicate that he wished to appeal the matter.  *Id.*  Similarly, the Plaintiff filed a second grievance on March 19, 2010 regarding medical treatment issues, and this grievance was denied by Lt.  Montgerard with the explanation, "[y]ou are being treated in accordance with the doctor's guidelines.  If you feel you are having problems then you can fill out a sick call and request to see medical."  *Id.*  In acknowledging receipt of this response, Plaintiff did not indicate that he wished to appeal this outcome.  *Id.*  Thus, although Plaintiff filed two grievances regarding the provision of medical care at the Dougherty County Jail, the Plaintiff failed to appeal either of these grievances.

In his responses to the Defendants' contention that his claims are unexhausted, Plaintiff provides only his conclusory and contradictory assertions that he fully exhausted his claims, that jail officials told him further grievances were not necessary, that the Defendants have falsified his grievance evidence, and that grievance forms either did not exist or were never returned to the Plaintiff.  (Docs. 90, 96).

The evidence before the Court shows that although the Plaintiff may arguably have taken some initial steps to file grievances, he did not properly complete these steps, leaving administrative remedies unexhausted.  The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at the Dougherty County Jail during the period of Plaintiff's confinement, which Plaintiff initiated but did not complete regarding his deliberate indifference claims.   Plaintiff has not provided any support, documentary or otherwise, for his assertions regarding exhaustion, and Plaintiff has not sufficiently disputed the testimony or evidence presented by the Defendants in regard to the lack of administrative exhaustion of his claims.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available remedies to grieve the alleged offenses of the Defendants. Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place.  *Woodford*, 548 U.S. at 88.  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process.  *Id.* Inasmuch as the Plaintiff failed to "use all steps" in the Dougherty County Jail grievance process, his claims remain unexhausted and this § 1983 action based thereon is barred.  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."); *Brook  v.Donald*, 2008 WL 623204 (CDL).

Moreover, in order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process.  *Miller v.  Tanner*, 196 F.3d 1190, 1194 (11th Cir.  1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).  Herein, there is no indication that Plaintiff's access to the grievance processes was prohibited by jail officials, by means of threat or otherwise.

As Plaintiff has failed to exhaust the administrative remedies available to him, it is the recommendation of the undersigned that Defendants Walden and Prison Health Services' Motion for Summary Judgment, which is treated as a motion to dismiss, be **GRANTED** based on the exhaustion argument.  As this is a matter in abatement, it is further recommended that Plaintiff's Complaint as to Defendants Walden and Prison Health Services be **DISMISSED WITHOUT**

**PREJUDICE**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable Clay D.  Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these recommendations.

### Plaintiff's remaining motions

In motions filed after the Court granted Plaintiff's initial Motion for Reconsideration and allowed Plaintiff an additional opportunity to respond to Defendants' Motion for Summary Judgment, the Plaintiff seeks to amend his Complaint, asks for court-appointed counsel, and again moves for reconsideration of the Court's April 26, 2011 Recommendation.  (Docs. 87, 88, 89).

*Motion to amend*

Plaintiff filed a Motion to Amend his Complaint on June 3, 2011, seeking to add Lt. Montgerard as a Defendant herein.  (Doc. 87).  Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> [a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Inasmuch as the Plaintiff failed to execute and file his Motion to Amend within 21 days of the filing of Defendants' Answer, his Motion to Amend cannot be granted under  Rule 15(a)(1).  *See* Doc. 41, Answer by Defendants Walden and Prison Health Services.

Pursuant to Rule 15(a)(2),

> [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.  *Nat'l.  Service Industries, Inc.  v.  Vafla Corp*, 694 F.2d

246, 249 (11th Cir. 1982). "While motions to amend are committed to the sound discretion of the district court, this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988). Accordingly, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

Plaintiff's Motion to Amend was filed more than one year after the filing of Plaintiff's original Complaint and more than ten (10) months after the close of discovery. (Doc. 87). Additionally, Plaintiff's Motion to Amend was filed approximately ten (10) months after the filing of Defendants' Motion for Summary Judgment. Although the Plaintiff states in his Motion to Amend that he seeks to add Lt. Montgerard as a "John Doe" Defendant, the Plaintiff appears to have "discovered" this Defendant's identity in the affidavits supporting Defendants' summary judgment motion, rather than through any discovery requests or other good faith efforts by the Plaintiff. (Doc. 87). Inasmuch as Plaintiff waited to attempt to amend his complaint until after the filing of a dispositive motion and after the close of discovery, the Court finds that the Plaintiff sought leave to amend his complaint with undue delay. Additionally, the Court finds that allowing the amendment to add Lt. Montgerard as a defendant at this point in the proceedings would prove futile and would unduly prejudice the Defendants, who have already filed a dispositive motion and completed the discovery process. *See Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (denial

of motion to add parties affirmed, as defendants were ready for trial and would have been prejudiced by delay and expense occasioned by additional discovery); *Keith v. Stewart*, 2006 WL 2298004 (N.D.Ga.) (leave to amend a complaint to add defendant on deliberate indifference claims denied as futile where motion to amend was filed after defendant filed a summary judgment motion and the court had already found that the named defendants were entitled to entry of summary judgment on deliberate indifference claims).

The undersigned has issued a recommendation that the Defendants' Motion for Summary Judgment be granted, based on a finding that Plaintiff failed to exhaust administrative remedies. It is unlikely that Plaintiff's proposed claims against Lt. Montgerard would survive a dispositive motion. *See Martinec v. Party Line Cruise Co*, 2007 WL 3197610 (S.D.Fl.) (leave to amend denied where amended complaint found to contain inadequate allegations to survive a motion to dismiss). Inasmuch as the Plaintiff's Motion to Amend was filed with undue delay and the proposed amendment is futile and would unduly prejudice the Defendants, Plaintiff's Motion to Amend is hereby **DENIED**.

*Motions for Appointment of Counsel*

The Plaintiff herein has once again petitioned this Court to appoint legal counsel to represent him in the above-styled proceeding brought pursuant to 42 U.S.C. § 1983. (Docs. 81, 88). The Court has previously indicated that on its own motion it will consider obtaining legal representation for the plaintiff if and when it becomes apparent that such legal assistance is required to avoid prejudice to his rights. Plaintiff continues to clearly set forth his contentions and he has not alleged any change in the case such that exceptional circumstances now exist to warrant appointment of legal counsel. Accordingly, the Plaintiff's motions for appointment of Counsel are **DENIED**.

*Motions for reconsideration and extension of time*

Plaintiff's Motion for Reconsideration of the Court's April 26, 2011 Recommendation is

**DENIED** as moot, as the Court has already granted such a motion.  (Docs. 89, 84).

Defendants' Motion for Extension of Time to respond to Plaintiff's motions for appointment of counsel and Motion to Amend is hereby **GRANTED**.  (Doc.  93).  The Court notes that the Defendants have filed these responses, which have been considered by the Court.

**SO ORDERED AND RECOMMENDED**, this  29th day of June, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE